IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME L. GRIMES,<br>    Plaintiff,<br>vs.<br><br>AVIS BUDGET GROUP, INC.,<br>    Defendant. | §<br>§<br>§   Civil Action No. 3:20-CV-0486-M-BH<br>§<br>§<br>§<br>§   Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion to Compel Discovery*, filed June 9, 2020 (doc. 20). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

The *pro se* plaintiff filed this action against the defendant on February 25, 2020. (*See* doc. 3.) After being served with process, the defendant moved for sanctions against the plaintiff and to dismiss the lawsuit based on prior litigation between the parties. (*See* doc. 12.) Its amended motion for sanctions and to dismiss the case remains pending. (*See* doc. 14.) On June 9, 2020, the plaintiff moved to compel discovery, but his filing appears to be discovery requests that he is serving on the defendants. (*See* doc. 20.)

### II. MOTION TO COMPEL

Rules 33 and 34 of the Federal Rules of Civil Procedure provides that a party may serve on any other party interrogatories and requests to produce and permit the requesting party or its representative to inspect or copy documents, information or tangible things within its possession, custody or control. Fed. R. Civ. P. 33, 34(a). Both rules describe the procedure to be followed. Fed. R. Civ. P. 33(b), 34(b). If a party fails to respond to properly submitted discovery requests, the requesting party may then seek an order compelling discovery as provided by Rule 37(a).

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

Here, the plaintiff's motion does not allege or otherwise demonstrate that he properly served his discovery requests upon the defendant. His filing appears to actually constitute his discovery requests. To the extent that the plaintiff seeks an order compelling the defendant to provide responses to his discovery requests, his motion is premature, and it is denied on this basis.

### III.  EXPEDITED DISCOVERY

Rule 26(d)(1) provides that a party may not seek discovery from any source prior to the parties' Rule 26(f) planning conference except when authorized by the rules, by agreement of the parties, or by court order. Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the "good cause" standard. *Elargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *see also El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex. 2004) (a party seeking discovery prior to the parties' Rule 26(f) conference has the burden of showing good cause) (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2046.1 (2d ed. 1998)).[2] Under the good cause standard, as applied in this circuit, courts consider five factors:  "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Pizza Hut LLC v. Pandya*, No. 4:19-CV-00726-RWS, 2019 WL 8331437,

---

[2] This approach has also been called the reasonableness test and has been applied by courts to determine whether expedited discovery is appropriate. *See Warren v. Bank of America, NA,* No. 3:13-CV-1135-M, 2013 WL 12221859, *1 n.2 (N.D. Tex. Dec. 13, 2013) (citing *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 327 (S.D.N.Y.2005); *Qwest Communic'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419-20 (D.Colo.2003); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)). These courts have criticized the prior test set forth in *Notaro v. Koch,* 95 F.R.D, 403 (S.D.N.Y. 1982), which is similar to that for a preliminary injunction in that it requires a showing of irreparable injury, some probability of success on the merits, some connection between the expedited discovery and the avoidance of the irreparable injury, and some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.  *Id.*  This Court agrees with the rationale for applying the more flexible good cause or reasonableness test.

at *1 (E.D.Tex. Nov. 26, 2019) (quoting *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (collecting cases); *see also Warren v. Bank of America, NA,* No. 3:13-CV-1135-M, 2013 WL 12221859, *1 n.2 (N.D. Tex. Dec. 13, 2013) (citing *In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142 (D.D.C. 2005) (listing same five factors)).[3] The burden of showing good cause is on the party seeking expedited discovery. *El Pollo Loco*, 344 F.Supp.2d at 991.

Here, there is no motion for preliminary injunction pending, and the purpose for the discovery at this stage of the proceedings is unclear. The defendant's motion for sanctions and to dismiss this action contends that this case is the plaintiff's fifth lawsuit against it based on the same underlying facts, which weighs in favor of finding that the defendant would be burdened by having to respond to discovery at this stage. To the extent that the plaintiff's motion may be liberally construed as a motion to expedite discovery, he has not met his burden to show good cause justifying this relief.

### IV.  CONCLUSION

The plaintiff's motion is hereby **DENIED**. The defendant is not required to respond to the plaintiff's premature discovery requests.

**SO ORDERED** on this 29th day of June, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]To determine whether good cause exists, other courts "'balanc[e] the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and consider[] the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" *See Warren,* 2013 WL 12221859, *1 (quoting *Wachovia Securities, L.L.C. v. Stanton* , 571 F.Supp.2d 1014, 1050 (N.D. Iowa 2008).