IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JEROME L. GRIMES,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 3:20-CV-0486-M-BH |
| **AVIS BUDGET GROUP, INC.,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendant Avis Budge Group, Inc.'s Amended Motion for Sanctions and Brief in Support*, filed May 19, 2020 (doc. 14). Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This case arises from an alleged theft of property left by Jerome L. Grimes (Plaintiff) in a vehicle that he rented from Avis Budget Group, Inc. (Defendant) in 2015. (*See* doc. 3 at 4.) Plaintiff claims that several days after the vehicle was returned to Defendant at the Dallas/Fort Worth International Airport, he attempted but was not allowed to retrieve his belongings from it by an employee of Defendant who allegedly stole the property. (*Id.*) He also contends that multiple unauthorized debt card transactions were made, his identity was stolen, and he was fraudulently overcharged rental car fees, late fees, repair fees. (*Id.*) He appears to assert claims for theft, fraud, unfair billing practices, violation of his constitutional rights, defamation, invasion of privacy, negligence, and negligence, and he seeks $326,000 in damages. (*Id.* at 4-6.)

**A.    Prior Lawsuits**

Plaintiff has previously sued Defendant and/or its employees over the alleged theft of his

---

[1] By *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

property. On March 26, 2015, he sued three of Defendant's employees in this district and sought to proceed *in forma pauperis*. *See Grimes v. Shultz*, No. 3:15-CV-0951-M-BH (N.D. Tex. Mar. 26, 2015), docs. 3, 4. Finding that he had enough assets with which to pay the filing fee, the court ordered him to pay the filing fee within 14 days, and warned that the case would be subject to dismissal under Fed. R. Civ. P. 41(b) if he did not pay the filing fee. *See id.*, doc. 5. Plaintiff failed to pay the filing fee, and his suit was dismissed without prejudice for failure to prosecute or follow court orders on May 28, 2015. *See id.,* docs. 7, 13, 14.

On February 29, 2016, Plaintiff sued Defendant in the United States District Court for the District of New Jersey. *See Grimes v. Avis Budget Grp.*, No. 2:16-CV-01281-SDW-LDW (D.N.J. Feb. 29, 2016). It dismissed the action *sua sponte* for failure to state a claim upon which relief can be granted on May 6, 2016. *See id.*, doc. 5.

On July 11, 2017, Plaintiff sued Defendant in this district and sought to proceed *in forma pauperis*. *See Grimes v. Avis*, No. 3:17-CV-01820-B-BF (N.D. Tex. Jul. 11, 2017), docs. 3, 4. The court again found that he had enough assets with which to pay the filing fee and granted him 30 days to pay it; he was warned that failure to pay the fee would result in a recommendation that the case be dismissed. *See id.*, doc. 5. After receiving an extension of time, Plaintiff failed to pay the filing fee, and his lawsuit was dismissed without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution on November 30, 2017. *See id.*, docs. 8, 10, 11.

On February 7, 2018, Plaintiff again sued Defendant in the District of New Jersey based on the alleged theft for conspiracy, "covert terror actions," defamation, intimidation, kidnapping, and theft. *See Grimes v. Avis Budget Grp, Inc.*, No. 2:18-CV-01936-SDW-LDW, 2018 WL 3377710, at *1 (D.N.J. Jul 10, 2018). The court granted Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismissed the complaint with prejudice for failure to state a claim upon which relief

2

could be granted. (*Id.* at *2.) Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed the dismissal. *See Grimes v. Avis Budget Grp.*, 762 F. App'x 130 (3rd Cir. 2019); (*see also* doc. 3 at 8-10). On October 7, 2019, the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *Grimes v. Avis Budget Grp.*, 140 S. Ct. 164 (2019).

**B.    Service of Motion for Sanctions**

Plaintiff filed this lawsuit on February 25, 2020. (*See* doc. 3.) After being served with process, on May 18, 2020, Defendant moved for sanctions and dismissal under Fed. R. Civ. P. 11. (*See* doc. 12.) According to the certificate of service, Defendant served the sanctions motion on Plaintiff on the same day it was filed. (*See* doc. 12-1.) By order dated May 19, 2020, Defendant was notified that the motion did not comply with Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas, which requires a conference and a certificate of conference, and it was ordered to file an amended motion correcting the defects. (doc. 13.) That same day, Defendant filed its amended motion for sanctions, which reflected that its counsel had conferred with Plaintiff by telephone that day, he had refused to withdraw his complaint, and it had served the amended motion on him that day. (*See* docs. 14, 14-2, 14-3.)

## II. RULE 11

Defendant moves for sanctions against Plaintiff and dismissal under Rule 11 of the Federal Rules of Civil Procedure on grounds that he continues to file complaints against it that are legally frivolous and lack evidentiary support for purposes of harassment. (*See* doc. 14.)

Rule 11(b) states that by presenting a written document to the court, an attorney or unrepresented party certifies to the best of his knowledge, information and belief, after a reasonable inquiry under the circumstances, that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims,

3

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The central policy behind Rule 11 is to "deter baseless filings in district court," and to "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). As Rule 11 makes clear, it applies to attorneys and *pro se* litigants alike. *Thomas v. Capital Sec. Servs, Inc.*, 836 F.2d, 866, 870 (5th Cir. 1988). *Pro se* status does not grant a person the "license to harass others, clog the judiciary machine with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson*, 808 F.2d at 359-60, and even dismissal, *Bell v. Dunn, Johnston & Brown*, No. 3:10-CV-1-M-BH, 2011 WL 759473, at *3 (N.D. Tex. Feb. 7, 2011) (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)), *adopted by* 2011 WL 726114 (N.D. Tex. Mar. 1, 2011). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11 contains a safe harbor provision that requires that a motion for sanctions "be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service

4

or within another time the court sets." Fed. R. Civ. P. (11)(c)(2). This service requirement is intended to provide the responding party with an opportunity to withdraw or amend its offending document. *In re Pratt*, 524 F.3d 580, 586 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). The Fifth Circuit has "continually held that strict compliance with Rule 11 is *mandatory*." *Id.* at 588 (*emphasis added*) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.")). Substantial compliance through informal service is not sufficient. *See id*. Serving a copy of the motion at least twenty-one days before filing it with the court "is a mandatory prerequisite to an award of sanctions under Rule 11." *Id.* at 586. The movant has the burden to show compliance with the safe harbor provision, and a motion for Rule 11 sanctions is appropriately denied absent this showing. *See Tompkins,* 202 F.3d at 788.

Here, Defendant served its motion and amended motion for sanctions on Plaintiff on the same day it filed them, one day apart. (*See* docs. 12, 14.) It has not shown that it served Plaintiff with copies at least twenty-one days before filing them with the court. *See In re Pratt*, 524 F.3d at 588; *Elliot*, 64. F.3d at 216. Although Defendant's did confer over the phone with Plaintiff to discuss the amended motion for sanctions on the day it was filed, informal notice is insufficient. *See id.* Defendant has not met its burden to show that it has strictly complied with the safe harbor provision, and its motion for sanctions under Rule 11 should be denied on this basis.

### III. RECOMMENDATION

Defendant's motion for sanctions under Fed. R. Civ. P. 11 should be **DENIED**.

**SO RECOMMENDED** on this 2nd day of December, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE