**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JEROME L. GRIMES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:20-CV-0486-M-BH** |
| | § | |
| **AVIS BUDGET GROUP, INC.,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge**[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Plaintiff's "Amended" Motion for Leave to File an "Amended" Complaint*, filed March 15, 2021 (doc. 51). Based upon the relevant filings and applicable law, the motion is **GRANTED**.

**I. BACKGROUND**

This case arises from the alleged theft of property left by Jerome L. Grimes (Plaintiff) in a vehicle that he rented from Avis Budget Group, Inc. (Defendant) in 2015. (*See* doc. 3 at 4.)[2] Plaintiff claims that several days after the vehicle was returned to Defendant's facility at the Dallas/Fort Worth International Airport, he attempted but was not allowed to retrieve his belongings from it by Defendant's employees who allegedly stole the property. (*Id.*) He also contends that multiple unauthorized debt card transactions were made, his identity was stolen, and he was fraudulently overcharged rental car fees, late fees, and repair fees. (*Id.*) He appears to assert claims for theft, fraud, unfair billing practices, violation of his constitutional rights, defamation, invasion of privacy, and negligence, and he seeks $326,000 in damages. (*Id.* at 4-6.)

---

[1]By *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff filed this federal lawsuit on February 25, 2020. (*See* doc. 3.) A scheduling order was entered on January 11, 2021, which provided that all motions for leave to join parties and to amend pleadings must be filed no later than February 4, 2021, discovery must be completed by May 5, 2021, and all dispositive motions must be filed "[n]o later than June 2, 2021." (doc. 35 at 1-2.) It also provided that the case would be set for trial by separate order. (*Id.* at 2.) On February 4, 2021, Defendant moved for leave to file an answer, and it was granted the following day. (docs. 37, 39.)

On February 26, 2021, Plaintiff filed a motion for leave to file an amended complaint. (doc. 46.) The motion was denied for failure to comply with Local Rules (L.R.) 7.1 and 15.1 of the Local Civil Rules for the Northern District of Texas because it did not contain a certificate of conference stating that the parties had conferred before it was filed, and because a copy of the proposed amended complaint was not included. (*See* doc. 47.) On March 4, 2021, Plaintiff again moved for leave to file an amended complaint and included the proposed amended complaint, but the motion did not contain a certificate of conference as required by L.R. 7.1. (*See* docs. 49, 49-1.) Plaintiff was ordered to file an amended motion correcting this defect by March 12, 2021. (*See* doc. 50.)

On March 15, 2021, Plaintiff's amended motion for leave to file an amended complaint, dated March 10, 2021, was received and filed. (*See* doc. 51.) Plaintiff seeks to drop Defendant from the lawsuit and to add Avis Budget Car Rental, LLC (Avis Rental) and Budget Rent-A-Car Systems, Inc. (Budget Systems) (collectively New Defendants) as defendants. (*Id.* at 1.) He claims that these entities are under Defendant's control and actually caused the "substantial financial harm" to him. (*Id.*) He also seeks to number and clarify the causes of action being asserted against them. (*Id.* at 2.) The proposed amendment provides additional factual background, including dates and employee names, as well as the legal theories establishing liability. (*See* doc. 49-1.) It also alleges that his

2

claim for damages under Defendant's general liability insurance policy was denied, and it appears to assert a new claim for declaratory relief under that policy. (*Id.*)  With a timely filed response (doc. 53) and reply (doc. 55), Plaintiff's amended motion for leave to amend his complaint is ripe for recommendation.

## II.  MOTION FOR LEAVE TO AMEND[3]

Plaintiff moves for leave to amend its complaint under Rule 15(a) of the Federal Rules of Civil Procedure. (*See* doc. 51.)  Defendant responds that he must first show good cause under Rule 16(b). (doc. 53 at 3-4.)

### A.    Rule 16(b)

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings where, as in this case, the deadline in a scheduling order has expired. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).  When leave to amend is sought after the deadline, the movant has the burden to show "good cause" to modify the scheduling order and amend its pleadings. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010). The Fifth Circuit has identified four factors for a court to consider when determining whether the movant has shown "good cause" in the context of an untimely motion to amend pleadings: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

---

[3]Defendant initially argues that Plaintiff's amended motion for leave should be denied because a copy of the proposed amended complaint was not attached to it in accordance with L.R. 15.1. (doc. 53 at 4-5.) Because the amended motion merely cures the lack of a certificate of conference in the prior motion for leave, as ordered, and it expressly references the proposed amended complaint attached to his prior motion, denial of leave to amend on this basis is not warranted.  (docs. 49-1; 51 at 1.)

prejudice. *S&W Enters.*, 315 F.3d at 536. (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." *Sun River Energy, Inc. v. McMillan*, No. 3:13-CV-2456-D, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014) (quotation and citation omitted). "Courts will deny a motion for leave where the delay is unnecessary, or little to no explanation is offered for an extended delay in amending the pleading." *McLane Co., Inc. v. ASG Techs. Grp. Inc.*, No. 6:17-CV-00166-ADA-JCM, 2018 WL 7291380, at *2 (W.D. Tex. Oct. 17, 2018) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015)).

### 1.    *Explanation for Untimeliness*

The first factor requires an explanation for the movant's failure to timely amend. *See S&W Enters.*, 315 F.3d at 536. Courts have found sufficient explanation in cases involving developments in applicable law and when new facts become known through depositions and document production while the case is pending. *See Robles v. Archer W. Contractors, LLC*, No. 3:14-CV-1306-M, 2015 WL 4979020, at *3 (N.D. Tex. Aug. 19, 2015); *Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 566–67 (N.D. Tex. 2009). Courts have not found sufficient explanation when a scheduling mistake caused a missed deadline, a party misunderstand a statute, or a party did not understand the scheduling order. *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp.2d 845, 850 (5th Cir. 2004) ("[A] party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.") (internal quotation marks omitted); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (finding a scheduling mistake in counsel's office was not a "satisfactory explanation for which relief may be granted"); *Sun River Energy, Inc. v. McMillan*, No. 3:13-CV-2456-D, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014) ("[M]isunderstanding of the

law, however, constitutes mere inadvertence, which is tantamount to no explanation at all.") (internal quotation marks omitted).

Here, Plaintiff did not address the untimeliness of his motion.  He claims that he "discovered through In Pro Se, Independent Investigation" the identities of two entities controlled by Defendant that are actually liable for the torts committed against him, but he does not state when he discovered this information. (doc. 51 at 3.)  Even though the lawsuit is based on events that occurred in 2015, he does not explain why he could not discover this information until now, or why he waited almost a year after he filed the case to add the new defendants. *See S&W Enterprises*, 315 F.3d at 537 (concluding that the plaintiff failed to exercise diligence where "the same facts were known to [the plaintiff] from the time of its original complaint to the time it moved for leave to amend"). Moreover, he fails to provide a persuasive explanation for the untimely motion for leave to include additional factual allegations and to add the new claims and theories of liability. *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227-28 (5th Cir. 2005) (denying leave to amend appropriate where plaintiffs failed to demonstrate why this theory was not available or why it could not have been anticipated); *see also Regions Bank v. Law Offices of Sherin Thawer, P.C.*, No. 3:11-CV-1285-L, 2012 WL 1191850, at *6 (N.D. Tex. Apr. 10, 2012) (denying a motion to amend because plaintiff could not identify a "reasonable explanation for the delay").  The first factor weighs against granting the amended motion for leave to amend.

### 2.    *Importance of the Amendment*

Under the second factor, Plaintiff must identify the importance of his untimely amendment. *See S&W Enters.*, 315 F.3d at 536.  "Courts deem 'amendments to be important where they potentially provide[ ] additional grounds for [a party] to recover, or directly affect[ ] [a party's]

prospects of ultimate recovery.'" *Feldman v. Stryker Corp.*, No. 3:18-CV-1416-S, 2020 WL 2507684, at *2 (N.D. Tex. May 15, 2020) (quoting *Kouzbari v. Health Acquisition Co., LLC*, No. 3:18-CV-0126-D, 2018 WL 6514766, at *3 (N.D. Tex. Dec. 11, 2018) (citations and internal quotations omitted); *see Maynard v. PayPal, Inc.*, No. 18-CV-0259-D, 2018 WL 5776268, at *4 (N.D. Tex. Nov. 2, 2018).

Plaintiff contends that the proposed amended complaint is important because it is a "clear and concise version" that complies with Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (doc. 51 at 2.)  He argues that he is entitled to recover under Defendant's insurance policy and the amended complaint seeks to add claims based on that policy. (doc. 55 at 8.) Generally, the addition of a claim on which the plaintiff may be able to recover is sufficient to show the importance of the proposed amendment.  *See Kouzbari*, 2018 WL 6514766, at *3; *see, e.g., Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-D, 2017 WL 978098, at *4 (N.D. Tex. Mar. 14, 2017) ("The court concludes that the proposed amendment, which adds a claim on which plaintiffs may be able to recover, is an important addition to plaintiffs' case.").  Further, the amended complaint drops Defendant from the lawsuit and adds New Defendants. (*See* doc. 49-1.) It also clarifies the elements and supporting allegations for each cause of action, provides additional factual background, and addresses the action's accrual date and reasons for tolling the limitations period. (*Id.*)  The proposed amendment is important. *See, e.g., Papa Berg, Inc. v. World Wrestling Ent., Inc.*, No. 3:12-CV-2406-B, 2013 WL 6159296, at *5 (N.D. Tex. Nov. 25, 2013) (concluding that amendments were important because they clarified the supporting allegations of a claim that had been dismissed for failure to properly plead the claim's elements); *Archer Motor Sales Corp. v. Mazda Motor of America, Inc.*, Civ. A. No. H-08-3587. 2009 WL 1660394, *2 (S.D. Tex. June 15,

6

2009) (finding amendment important, in part, because it clarified factual bases for existing claims); *Sievert v. Howmedica Osteonics Corp.*, No. 3:18-CV-2175-S, 2020 WL 2507678, at *2 (N.D. Tex. May 15, 2020) (explaining that an amendment that cures pleading defects sufficiently showed the importance of the proposed amendment).  The second factor weighs heavily in favor of granting leave to amend.

>    **3.**      ***Potential Prejudice and Possibility of a Continuance***

The third and fourth factors require consideration of the potential prejudice that the amendment will cause the defendants and the availability of a continuance to cure any such prejudice. *See S & W Enters.*, 315 F.3d at 536.  Although courts have not directly defined prejudice in the Rule 16(b) context, "prejudice" is generally defined as "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary (10th ed. 2014).  Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a parties ability to present their case at trial. *See, e.g., Navarro v. Microsoft Corp.*, 214 F.R.D. 422, 424 (N.D. Tex. 2003) (finding prejudice even though the new causes of action in the proposed amended complaint were "virtually identical," because the defenses were not necessarily the same); *King v. Life School*, No. 3:10-CV-0042-BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011) (finding potential prejudice when "allowing the new claims would require essentially restarting the lawsuit for amended pleadings, discovery, and motions").

Here, the potential for prejudice in allowing the proposed amended complaint is minimal, and any such prejudice could be cured by a continuance.  Although the amended complaint adds new defendants and claims, this case is not so advanced or developed that such additions will severely prejudice the defendants, especially since no trial date has been set.  Defendant argues that allowing

the amendment would require it to "expend additional time and resources defending against untimely claims," but the amendment seeks to drop it from the lawsuit. (doc. 53 at 7.) Nevertheless, a defendant having to adjust its defense strategy to account for new claims does not, without more, "constitute prejudice for the purposes of Rule 16(b)(4)." *Kouzbari*, 2018 WL 6514766, at *4 (recognizing that "a plaintiff's motion for leave to amend will always require the defendant to adjust its strategy to some extent, unless the proposed amendment is essentially technical in nature and does not add or drop previously-pleaded claims"). Moreover, Defendant's motion to extend the mediation deadline and the deadline to file dispositive motions and motions not otherwise covered by the pre-trial order was recently granted. (*See* doc. 90.) Even if additional discovery is necessary because of the amendment, the defendants will have an available remedy in the form of requesting an appropriate modification of the discovery period.[4] Accordingly, the risk of prejudice and the possibility of granting a continuance weigh in favor of granting leave to amend.

Considering the four factors as a whole, Plaintiff has met his burden to establish "good cause" to modify the scheduling order deadlines and permit an untimely amendment to his complaint. Analysis of his amended motion for leave under the more liberal Rule 15(a) is therefore appropriate. *See S & W Enters., L.L.C.*, 315 F.3d at 536; *Sapp*, 406 F. App'x at 868-69 (explaining that when movant's request for leave to amend is untimely, the "more liberal standard of Rule 15(a) applies only if [movant] demonstrates good cause for the modification of the schedul[ing] order" to allow amendments after the deadline).

---

[4]Courts are not required to grant a continuance in all cases, however. *See Region Bank*, 2012 WL 1191850, at *5 (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)). The decision to grant a continuance is within the sound discretion of the court. *S & W Enters.*, 315 F.3d at 537.

B.     **Rule 15(a)**

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The rule evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012).

*1.     Undue Delay and Prejudice*

Defendant contends that granting Plaintiff leave to amend his complaint will result in undue delay, and it will be unduly prejudiced by the amendment. (doc. 53 at 7.)

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA*

9

*Litigation*, 610 F. Supp.2d 600, 653 (S.D. Tex. 2009) (quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)) (emphasis original).  When a court considers a motion for leave to add a new theory to the complaint, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (citation omitted).  The Fifth Circuit recognizes that "even under the more liberal Rule 15 standard [a court] 'more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Squyres*, 782 F.3d at 239 (citation omitted).

Here, Plaintiff seeks leave to file an amended complaint over a year after filing this action, and a month after the amendment deadline. (*See* doc. 51.)  Defendant has not shown that permitting the amendment will cause undue delay or prejudice, however.  Even though Plaintiff seeks leave to file an amended complaint after the amendment deadline, the delay is not yet undue as there is no trial setting. *See OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.*, No. 3:11-CV-3148-G, 2012 WL 5409660, at *2 (N.D. Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith). Although the discovery deadline has passed, a continuance would relieve any prejudice experienced by the defendants as a result of the passed discovery and expert designation deadlines.  Accordingly,

prejudice to Defendant, if any, is minimal and curable.  This lawsuit is still at an early stage, and

when the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay

by Plaintiff, or undue prejudice to the defendants. *See Squyres*, 782 F.3d at 239.[5]

### 2.   *Futility*

Defendant also argues that the amendment would be futile because Plaintiff's claims are

untimely. (doc. 53 at 6.)

The Fifth Circuit has interpreted futility under Rule 15 to mean that "the amended complaint

would fail to state a claim upon which relief could be granted," so courts must apply the same

standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Leave to amend does not need to be granted when the amended complaint would not defeat a motion

to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule

12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL

4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at

*4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that

"the amended complaint would fail to state a claim upon which relief could be granted") (quoting

*Stripling*, 234 F.3d at 873). This Court's "almost unvarying practice when futility is raised [in

response to a motion for leave to amend] is to address the merits of the claim or defense in the

context of a Rule 12(b)(6) or Rule 56 motion ... where the procedural safeguards are surer."

*Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex.

---

[5]Defendant also argues that "[t]he undue prejudice is exacerbated" by Plaintiff's failure to attach a proposed amendment to his amended motion for leave to amend because it "has no clarity as to whether Plaintiff seeks leave to file a new proposed amendment not previously filed." (doc. 53 at 7.) As discussed, Plaintiff's amended motion for leave to amend clearly states that it seeks leave to file the proposed amended complaint attached to his prior motion, which was filed of record. (*See* doc. 51 at 1.) Given this clear reference, the exacerbation of prejudice is not apparent.

Feb. 7, 2002) (citation omitted).

Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Allowing Plaintiff an opportunity to amend prior to determination of whether his complaint states a claim against Defendant will allow him to plead his best case.  Accordingly, his amended motion for leave to amend the complaint should not be denied as futile at this stage of the proceedings.

Having considered the relevant factors, there is no "substantial reason" to deny Plaintiff's amended motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318; *Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to amend complaint to add an additional claim where there was no pretrial order or conference, there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim, and there was no evidence of prejudice to the defendants if the claim was allowed to be made).

### III.  CONCLUSION

Plaintiff's amended motion for leave to amend his complaint is **GRANTED**.

**SO ORDERED** on this 27th day of May, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13