IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEROME L. GRIMES,** | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:20-CV-0486-M-BH |
| | § | |
| **AVIS BUDGET GROUP, INC.,** | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Before the Court is the defendants' *Motion to Dismiss Pursuant to Rule 12(b)(6)*, filed June 23, 2021 (doc. 98), and *Plaintiff's Motion for Summary Judgement*, filed October 9, 2021 (doc. 111). Based on relevant filings and applicable law, the motion to dismiss should be **GRANTED**, the remaining claims should be dismissed *sua sponte*, and the motion for summary judgment should be **DENIED**.

## I. BACKGROUND

Jerome L. Grimes (Plaintiff) sues for the alleged theft of property left in a vehicle he rented from Avis Budget Group, Inc. (Rental Company) on November 26, 2014. (*See* doc. 96 at 11, 19.)[2] He claims that because he was "arrested falsely" before he could return the vehicle on December 6, 2014, it was impounded until it was returned to Rental Company on February 3, 2015. (*See id.* at 19-20.) Upon his release from the Shreveport City Jail on February 6, 2015, he learned from Rental Company's office in Shreveport, Louisiana, that the vehicle, with his property still in it, had been shipped to Dallas/Fort Worth International Airport (DFW Airport), where employees

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"cleaned, serviced, and removed [his] property from the [vehicle]." (*See id.* at 6, 20-21.)[3] On February 11, 2015, Rental Company debited his "Umpqua Bank Account" for fees, including 57 days of rental fees for the time during which the vehicle was impounded, in violation of the "Car Rental Truck Agreement: SMF788."[4] (*See id.* at 6, 16, 18-19, 21.) Although his account was "PAID-In-Full," Rental Company made a second debit without his authorization the next day, so he filed a police report with the "Irvine" Police Department on February 14, 2015, alleging fraud and theft. (*See id.* at 21-22.) Rental Company allegedly discriminated against and defamed him on February 12, 2015 by putting his name on a national "do not rent list". (*See id.* at 31, 33.)

On February 15, 2021, Plaintiff called Rental Company's employees at DFW Airport and was told that his property was still in the vehicle and would be stored in lost and found. (*See id.* at 22-23.) He travelled to Dallas, Texas, on March 1, 2015, to collect his property from DFW Airport. (*See id.* at 22.) Rental Company's employees at DFW Airport directed him to the auto distribution lot to ask for his property, but he was prevented from collecting it by Rental Company's employees, who allegedly stole his property, used intimidation tactics against him, and defamed him by calling 911 to report a criminal trespass. (*See id.* at 3, 18, 20, 23, 30, 32.) On May 7, 2015, Rental Company's head of security notified Plaintiff that the safe he had left in the vehicle had been found "hidden in the shop," an employee had apparently tried to open it with a crowbar, and he would hold it until Plaintiff came to pick it up. (*See id.* at 18, 24-25.) On June 11, 2015, Plaintiff retrieved the safe from the head of security, who gave him a lost and found claims form

---

[3] Plaintiff's "illegally stolen" property allegedly included parental address books, works of art on flashdrives, legal documents from a probate case relating to a residence worth $660,000, business plans, a "wall vault security safe," and "valuable and heirloom antique small items." (*See* doc. 96 at 4, 10-13, 18-19, 24-25, 36.)

[4] Plaintiff also generally alleges violation of his "other contract rights." (*See* doc. 96 at 16, 18-19, 21, 31.).

2

to fill out. (*See id.* at 24-25.) Days later, on June 14, 2015, he filed the claims form and was assigned a claim number. (*See id.* at 25.) On June 8, 2016, his claim was denied. (*See id.* at 25-26.)

**A. Prior Lawsuits**

Plaintiff has previously sued Rental Company and/or its employees over the alleged theft of his property and rental vehicle fees. *See Grimes v. Shultz,* No. 3:15-CV-0951-M-BH (N.D. Tex. Mar. 26, 2015), doc. 3. On March 26, 2015, he sued three of Rental Company's employees in this district, claiming theft, unauthorized debit transactions, fraud, conspiracy, identity theft, defamation, intimidation, invasion of privacy, and violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments (First Lawsuit). *See Grimes v. Shultz,* No. 3:15-CV-0951-M-BH (N.D. Tex. Mar. 26, 2015), doc. 3. He sought to proceed *in forma pauperis* (IFP), but the court found that he had enough assets with which to pay the filing fee, ordered him to pay it within 14 days, and warned that the case would be subject to dismissal under Fed. R. Civ. P. 41(b) if he did not pay the fee. (*See id.*, docs. 4-5.) Plaintiff failed to pay the filing fee, and First Lawsuit was dismissed without prejudice for failure to prosecute or follow court orders on May 28, 2015. (*See id.*, docs. 7, 13, 14.)

On February 29, 2016, Plaintiff sued Rental Company in the United States District Court for the District of New Jersey, claiming breach of contract, theft, fraud, unfair billing practices, defamation, and intimidation (Second Lawsuit). *See Grimes v. Avis Budget Grp.*, No. 2:16-CV-01281-SDW-LDW (D.N.J. Feb. 29, 2016); doc. 1. It was dismissed *sua sponte* for failure to state a claim upon which relief may be granted on May 6, 2016. (*See id.*, doc. 5.)

On July 11, 2017, Plaintiff sued Rental Company in this district and sought to proceed IFP (Third Lawsuit). *See Grimes v. Avis*, No. 3:17-CV-01820-B-BF (N.D. Tex. Jul. 11, 2017), docs.

3

3, 4. The court again found that he had enough assets with which to pay the filing fee and granted him 30 days to pay it; he was warned that failure to pay it would result in a recommendation that the case be dismissed. (*See id.*, doc. 5.) After receiving an extension of time, Plaintiff failed to pay the filing fee, and his lawsuit was dismissed without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution on November 30, 2017. (*See id.*, docs. 8, 10, 11.)

On February 7, 2018, Plaintiff again sued Rental Company in the District of New Jersey based on the alleged theft for conspiracy, "covert terror actions," defamation, intimidation, kidnapping, and theft (Fourth Lawsuit). *See Grimes v. Avis Budget Grp., Inc.*, No. 2:18-CV-01936-SDW-LDW, 2018 WL 3377710, at *1 (D.N.J. Jul 10, 2018). The court granted Rental Company's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismissed the complaint with prejudice for failure to state a claim upon which relief could be granted. (*Id.* at *2.) Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed the dismissal. *See Grimes v. Avis Budget Grp.*, 762 F. App'x 130 (3rd Cir. 2019); doc. 3 at 8-10. On October 7, 2019, the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *Grimes v. Avis Budget Grp.*, 140 S. Ct. 164 (2019).

**B. Current Lawsuit**

Almost five months later, on February 25, 2020, Plaintiff sued Rental Company in this district. (*See* doc. 3.) On June 7, 2021, he filed a 38-page first amended complaint, alleging additional facts, reasserting most of the claims in the original complaint,[5] adding new claims,[6]

---

[5] Plaintiff does not reassert his invasion of privacy claim in his first amended complaint, so he appears to have abandoned that claim. (*See* doc. 3 at 6.)

[6] Plaintiff includes a section on "premises liability" in his amended complaint under the "Standard of Review" header, alleging that Defendants, as business owners, have liability for "property damage that a business may have caused," like "slip and fall or employee accidents." (*See* doc. 96 at 5.).

4

dropping Rental Company as a named defendant, and adding Avis Budget Car Rental, LLC (Avis) and Budget Rent-A-Car Systems, Inc. (Budget) (Defendants) as defendants.[7] (*See id.* at 6; doc. 96.) Plaintiff appears to assert claims for theft, negligence, defamation, conversion, trespass to chattels, premises liability, identity theft, breach of contract, financial fraud, unfair billing practices, and violations of his constitutional and civil rights. (*See id.* at 5-8, 12-15, 21-22, 26-27, 30-33.) He seeks declaratory relief, hundreds of thousands of dollars in damages, and the "costs of bringing numerous lawsuits." (*See id.* at 2, 10-11, 13, 26-33.)

## II.     RULE 12(b)(6)

Defendants move to dismiss Plaintiff's first amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* doc. 98 at 1, 6-9.)

### A. <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry*, 954 F.2d at 281. The

---

[7] Rental Company contends Defendants are subsidiaries of Rental Company. (*See* doc. 99 at 1.)

court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz*

6

*Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007). "If ... matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (referencing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). Attachments falling under these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached to his first amended complaint a document entitled, "Exhibits available upon demand," but he did not attach any of the listed exhibits, so they are not part of the pleadings. (*See* doc. 96 at 36-37.) Defendants' motion to dismiss reference the filings in Plaintiff's prior lawsuits. (*See* doc. 99 at 2-3.) As matters of public record, the filings may be considered without conversion of Defendants' motion to dismiss into a summary judgment motion.

## B. **Statute of Limitations**

Defendants move to dismiss all of Plaintiff's claims as time-barred.[8] (*See id.* at 4.)

---

[8] Defendants only expressly include the limitations period for some claims but argue that "[e]ven assuming Plaintiff stated facts sufficient to plead the various causes of action he purports to allege, the statutes of limitation have already passed *for each cause purportedly alleged*." (*See* doc. 99 at 4) (emphasis added).

7

Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint." *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (citations omitted); *see Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (holding dismissal under Rule 12(b)(6) is proper if a successful affirmative defense appears "based on the facts pleaded and judicially noticed"); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). Here, the amended complaint alleges that the conduct underlying his claims occurred in 2015 at the latest. (*See* doc. 96 at 19-21.)

"[A] cause of action generally accrues, and the statute of limitations begins to run[] when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998), and citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) ("[A] cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."). "To comply with the statute of limitations, a plaintiff must file a lawsuit and serve the lawsuit on the defendant within the limitations period." *Ortega v. Young Again Prod., Inc.*, 548 F. App'x 108, 113 (5th Cir. 2013) (citing *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.)).

1. *State Claims*

As noted, Plaintiff asserts claims for defamation, conversion, trespass to chattels, theft,

8

negligence, breach of contract, and fraud. (*See* doc. 96 at 5-8, 10-15, 22-23, 26, 28-33.)

Under Texas law,[9] defamation claims are generally subject to a one-year limitations period, and conversion, trespass to chattels, theft, and negligence claims all have a two-year limitations period. *See Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 741 (5th Cir. 2019) (defamation) (citing Tex. Civ. Prac. & Rem. Code §§ 16.002(a), 16.003(a), and *Jackson v. W. Telemarketing Corp.*, 245 F. 3d 518, 523 (5th Cir. 2001)); *La Porte Const. Co. v. Bayshore Nat. Bank of La Porte, Texas*, 805 F.2d 1254, 1256 (5th Cir. 1986) (theft, conversion, negligence, and trespass) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003). Claims for breach of contract and common law fraud are covered by a four-year limitations period. *See Tchakarov v. Allstate Indem. Co.*, No. 3:20-CV-2769-D, 2021 WL 4942193, at *4 n.7 (N.D. Tex. Oct. 22, 2021) (citation omitted).

Here, according to the face of the complaint, Plaintiff's state law claims—that Defendants defamed him by calling 911 to accuse him of criminal trespass on March 1, 2015, and put his name on a national "do not rent list" on February 15, 2015; converted or trespassed on his bank account funds on February 11, 2015;[10] stole his property from the rental vehicle;[11] were negligent in

---

[9] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, Plaintiff's allegedly stolen property is located in Texas, and the alleged actions giving rise to Plaintiff's claims "arose in whole or in part in [Texas]" (*see* doc. 96 at 2-5). *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance).

[10] The limitations period "begins to run at the time of the alleged unlawful taking." *Roehrs v. Conesys, Inc.*, No. CIV.A. 3:05–CV–829–M, 2005 WL 3454015, at *2 (N.D. Tex. Dec.14, 2005) (citing *Rogers v. Ricane Enterprises, Inc.*, 930 S.W.2d 157, 166 (Tex. App.-Amarillo 1996, writ denied.)).

[11] Plaintiff's first amended complaint alleges that Defendants' employees prevented him from collecting his

9

supervising their employees who stole his property and intimidated him on March 1, 2015;[12] breached the rental agreement by charging him for 57 days of rental fees on February 11, 2015, while the vehicle was impounded;[13] committed fraud on February 12, 2015, by making unauthorized debit transactions from his bank account after his account had been paid in full and by calling 911 on March 1, 2015, to prevent him from collecting his property[14]—ran at the very latest on March 1, 2019, well before he filed this suit on February 25, 2020. (*See* doc. 96 at 2-4, 7, 14, 21-23, 31-32.) Because he has presented no basis for equitable tolling of the limitations period,[15] Plaintiff's claims for defamation, conversion, trespass to chattels, negligence, breach of contract,[16] theft, and fraud are time-barred and should be dismissed with prejudice.

---

property at the auto distribution lot on March 1, 2015. (*See* doc. 96 at 21.)

[12] As noted, the limitations period begins to run on the date the injury occurs. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998).

[13] Unless an exception applies, the cause of action accrues at the time of the breach. *See Chambers v. Berryhill*, No. 3:19-CV-1062-K-BH, 2020 WL 5099068, at *4 (N.D. Tex. July 29, 2020), *report and recommendation adopted sub nom. Chambers v. Soc. Sec., Admin.*, No. 3:19-CV-1062-K-BH, 2020 WL 5096656 (N.D. Tex. Aug. 29, 2020) (citations omitted); *see also Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713, 717 (Tex. App.—Eastland 2002, no pet.) ("A cause of action for breach of contract is generally regarded as accruing when the contract is breached or when the claimant has notice of facts sufficient to place him on notice of the breach.").

[14] "[L]imitation begins to run when the fraud is discovered or from the time the fraud might have been discovered through reasonable diligence." *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981) (collecting cases). Plaintiff alleges he filed a police report based on the unauthorized debit on February 14, 2015. (*See* doc. 96 at 22.)

[15] Defendants contend that no "statutes or circumstances" toll the limitations on Plaintiff's claims. (*See* doc. 99 at 4.) Plaintiff argues, for the first time in his motion for summary judgment, that "TOLLING/Suspending of the statute of limitations occurred during numerous short-term continuous imprisonment hardships that intimidated any opportunities to adequately prosecute torts." (*See* doc. 111 at 6.) Because it is not part of the pleadings, Plaintiff's argument is not considered. Even if it were considered, it would not change the recommendation, because incarceration is not a basis for tolling under Texas law. *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (noting that, effective September 1, 1987, imprisonment is no longer considered a legal disability which tolls the running of the statute of limitations). Plaintiff has shown no other circumstances warranting tolling. (*See* docs. 3, 96, 111.)

[16] Defendants also assert that Plaintiff's claims for defamation, conversion, trespass to chattels, negligence, and breach of contract are subject to dismissal because he failed to plead the elements. (docs. 99 at 5-9.) Because they are time-barred, this alternate ground is not reached.

### 2. *Federal Claims*

As noted, Plaintiff alleges violations of the FDCPA and his constitutional and civil rights. (*See* doc. 96 at 5-8, 10-15, 22-23, 26, 28-33.)

    a. FDCPA

Plaintiff allegations that Defendants engaged in "unfair billing practices and predatory practices" by charging him on February 11, 2015, for 57 days of rental fees while the vehicle was impounded, and by debiting unauthorized transactions on February 12, 2015, after his account was paid in full, (*see* doc. 96 at 6, 13, 21-22), appear to assert violations of the Federal Debt Collection Practices Act (FDCPA).[17] (*See id.*)

Claims under the FDCPA must be "brought ... within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k(d); *Martin v. Grehn*, 546 F. App'x 415, 420 (5th Cir. 2013) (per curiam) ("There is a one year statute of limitations under the FDCPA."). Courts have held that to calculate the limitations period, "discrete violations of the FDCPA should be analyzed on an individual basis." *Arvie v. Dodeka*, LLC, No. CIV.A. H-09-1076, 2010 WL 4312907, at *10 (S.D. Tex. Oct. 25, 2010) (collecting cases); *accord Barlow v. Safety Nat. Cas. Corp.*, No. 3:11-CV-00236-BAJ, 2014 WL 1327922, at *2 (M.D. La. Mar.31, 2014) (citation omitted).

From the face of the complaint, the limitations period accrued at the latest on February 12, 2015, and ran on February 12, 2016, more than four years before Plaintiff filed this suit. (*See* doc. 3.) Accordingly, his FDCPA claim is time-barred and should be dismissed with prejudice.

---

[17] Plaintiff contends in his first amended complaint that the FDCPA is an amendment to the Consumer Credit Protection Act (CCPA) and is "sometimes used in conjunction with the Fair Credit Reporting Act" (FCRA). (*See* doc. 96 at 13-14.) Because he makes no other reference to the CCPA or the FCRA, he does not appear to raise a claim under either statute. (*See id.*).

11

b. Constitutional and Civil Rights Claims

Plaintiff alleges that Defendants violated his "constitutional rights" and "other civil rights"[18] by making unauthorized debits, by committing "fraudulent conversion and trespass to chattels," and by using intimidation tactics against him to prevent him from collecting his property. (*See* doc. 96 at 2, 4, 6-8, 10-11, 13, 21, 30, 36). He appears to seek monetary damages under 42 U.S.C. § 1983. (*See* doc. 96 at 2, 4, 8, 10-11, 13, 21, 36.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal

---

[18] Because Plaintiff generally mentions the Ninth Amendment, his first amended complaint is construed as asserting constitutional claims under federal law and not state law. (doc. 96 at 12, 22.)

12

quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's causes of action accrued, and the limitations period began to run, when he knew or had reason to know of the injury that is the basis of his action.

Plaintiff's pleadings show that his civil and constitutional claims regarding unauthorized debits from his bank account on February 12, 2015, and the use of intimidation tactics to prevent him from recovering his property on March 1, 2015, accrued at the latest on March 1, 2015. Because he filed his complaint on February 25, 2020, almost three years later, his constitutional and civil rights claims are time-barred and should be dismissed with prejudice.[19]

### III. *SUA SPONTE* DISMISSAL

As noted, Plaintiff's first amended complaint may be liberally construed as alleging a claim for identity theft. (*See* doc. 96 at 10, 21, 26, 28.) Defendants did not move to dismiss this claim. (*See* docs. 98, 99.)

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing

---

[19] As noted above, Plaintiff has shown no circumstances warranting tolling. (*See* doc. 96.)

13

*Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

To the extent that Plaintiff's identity theft, theft, or financial fraud claims may be liberally construed as an attempt to bring civil claims under a criminal statute, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *See Pierre v. Guidry*, 75 F. App'x. 300, 301 (5th Cir. 2003) (per curiam). They cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Plaintiff's allegation that Defendants committed "fraud[] and/or identity theft" when they debited his account on February 12, 2015, after he had "PAID-In-Full" his balance the day before (*see* doc. 96 at 21-22), does not meet that burden. *See Boone v. Dandy B Logistics LLC*, No. 6:21-CV-9-JDK-KNM, 2021 WL 2784295, at *2 (E.D. Tex.

14

Jan. 28, 2021) (dismissing plaintiff's claims, including identity theft, because they are "mainly covered by criminal statutes," and "it is unclear under what private right of action the plaintiffs are suing the defendants for these crimes"). Additionally, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *See Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005)). Any criminal claims should be dismissed for failure to state a claim.

## IV.    DECLARATORY RELIEF

Defendants move to dismiss Plaintiff's claim for declaratory relief under Rule 12(b)(6) because he "does not articulate any specific question for this Court to decide." (*See* doc. 99 at 6.)

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted). "Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties," and "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (citation omitted). The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early

adjudication of an actual controversy arising under other substantive law." *Turner v. AmericaHomeKey Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011), *aff'd*, 514 F. App'x 513 (5th Cir. 2013) (citations and quotations omitted). It is an authorization and not a command, *see id.*, and allows federal courts broad, but "not unfettered," discretion to grant or refuse declaratory judgment. *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

Here, Plaintiff seeks a "declaratory decree that [Avis]'s … general liability insurance policy provides, for benefit of the representative party, premise and employee negligence actions." (*See* doc. 96 at 26.) As noted, it has been recommended that all of Plaintiff's claims against Defendants be dismissed. Two of these claims have already once been dismissed with prejudice. *See Grimes*, 2018 WL 3377710, at *2. Plaintiff therefore fails to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bauer*, 341 F.3d at 358 (denying plaintiff's request for declaratory judgment because she had alleged no facts leading to a conclusion that a "live case or controversy for this court to resolve" existed between her and defendant); *Turner*, 2011 WL 3606688, at *5-6 (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Plaintiff's claim for declaratory relief should be dismissed.

## V.     OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.

*See Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2017 WL 11496979, at *2 (N.D. Tex. May 19, 2017). A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See id.* Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez*, 66 F.3d at 97. Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has already amended his complaint once in this case, and this is his fifth lawsuit concerning his property left in the rental vehicle and the associated rental fees. In addition, two of his prior lawsuits were dismissed with prejudice for failure to state a claim, and some claims are time-barred. It appears that Plaintiff has already stated his best case, and no further opportunity to amend is warranted.

## VI. RECOMMENDATION

Defendants' Rule 12(b)(6) motion to dismiss should be **GRANTED**, the remaining claims should be dismissed *sua sponte*, and all of Plaintiff's claims against them should be **DISMISSED with prejudice**. Plaintiff's motion for summary judgment should be **DENIED.**

**SIGNED** this 24th day of January, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                           _____
                           IRMA CARRILLO RAMIREZ
                           UNITED STATES MAGISTRATE JUDGE